UNITED STATES DISTRICT COURT
<u>THE NORTHERN DISTRICT OF NEW YORK</u>

JAMES C. GAROFALO,

                Petitioner,

    v.                                          1:04-CV-243 (LEK)

UNITED STATES OF AMERICA,

                Respondent.

_____

**MEMORANDUM-DECISION AND ORDER**

**I. Background**

      On June 19, 2001, Petitioner James C. Garofalo ("Petitioner") was found guilty of two felony counts of income tax evasion, in violation of 26 U.S.C. § 7201, a misdemeanor count of failing to file an income tax return, in violation of 26 U.S.C. § 7203, and various counts of filing false and fictitious Forms with the Internal Revenue Service, in violation of 26 U.S.C. § 7206(1). In January of 2002, Garofalo was sentenced to a term of imprisonment of thirty-seven months.

      In August 2003, Garofalo escaped from the Ray Brook prison and was subsequently captured later that evening. (Dkt. No. 9) at 2. He claimed that he left the prison in an attempt to draw attention to his cause; that the United States of America is a limited entity without the power or authority to require him to pay federal taxes. (Dkt. No. 1) at 3. Apparently, Garofalo has consistently refused to recognize the charges against him unless and until the government furnishes

1

actual proof that they are authorized and have proper jurisdiction to bring charges. (Dkt. No. 1) at 2.

While Garofalo refuses to recognize the judicial process of the district court, he does seek its directive to vacate his conviction pursuant to 28 U.S.C. § 2255. Relief sought is again based on the premise that he is not a citizen of the United States and therefore not under her jurisdiction for purposes of federal taxation. The force of his argument lies in a clear misinterpretation of the United States Constitution and laws enacted by Congress.

## II. Discussion

28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence . . . .

28 U.S.C. § 2255.

A prisoner who has been issued a final judgment may collaterally attack such sentence provided he shows evidence that the sentence was in clear violation of the Constitution or federal law, or that the court acted beyond the proper scope of its jurisdiction. 28 U.S.C. § 2255 is to be narrowly construed and a party asserting its protections carries a strict burden to prove clear constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact constituting "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 73 F.3d 8, 11 (2d Cir. 1995). To support a collateral attack on final judgment, the sentence imposed must be fundamentally unfair. See Stone v. Powell, 428 U.S. 465, 478 (1976).

2

Moreover, it has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on final judgment." United States v. Frady, 465 U.S. 152, 165 (1982) (quoting United States v. Addonizio, 442 U.S. 178, 184 (1979)).  As such, the standard of review for a collateral attack is far greater than the "plain error" standard that must be established in a direct appeal.  Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

The 1996 Amendments to 28 U.S.C. § 2255 introduced a one year period of limitation.  The limitation period:

> shall run from the latest of-
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

Petitioner's motion fails to specify precisely which conviction he is now attempting to collaterally attack; the original conviction or the subsequent enhancement for escape.  Even were this Court to afford petitioner a liberal reading of his petition and address the merits, he is procedurally barred from asserting a collateral attack as to his initial tax evasion conviction.   The final judgement of his initial conviction was June 19, 2001.  Petitioner was sentenced on January 30, 2002.  It is obvious that the judgment falls outside the one year time period limitation mandated by Congress; there was never any impediment preventing Garofalo from access to the court; there has been no new

3

law created that would afford relief to Garofalo and; he presents no novel claims in this motion. Any motion regarding that conviction is rendered untimely.

Regarding Garofalo's later conviction for escape, this Court need not address the validity of a motion to vacate on the merits because there has been no final judgment as mandated by 28 U.S.C. § 2255.  On July 12, 2004, Garofalo plead guilty to an Escape from a Correctional Institution, in violation of 18 U.S.C. § 751(a).  A § 2255 petition regarding this conviction is timely, however, the same day judgment was entered Garofalo filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit.  As of yet, the appeal has not been heard nor has a judgment been rendered.

The filing of a notice of appeal "confers jurisdiction on the Court of Appeals and divests the district court of its control over those aspects of the case involved in the appeal." <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58-59 (1982).  Until such a judgment is issued, this court is without jurisdiction to entertain a 28 U.S.C. § 2255 petition.

## III. Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that the motion be **DISMISSED WITHOUT PREJUDICE**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

IT IS SO ORDERED.

DATED: April 08, 2005
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge